UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

JULIANNE E.,[1]

                              Plaintiff,          Case # 21-cv-0538-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                              Defendant.
───────────────────────────────────────

**INTRODUCTION**

On July 18, 2014, plaintiff Julianne E. ("Plaintiff") applied for a period of Disability Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), alleging disability beginning on April 18, 2014. Tr.[2] 261-67. On October 8, 2014, Plaintiff's claim was denied by the Social Security Administration, and she timely requested a hearing on October 10, 2014. Tr. 179-86, 187-88. She appeared and testified at a hearing held on October 20, 2016 in Buffalo, New York, before Administrative Law Judge Sharon Seeley ("ALJ"). Tr. 48-133. She attended a supplemental hearing on March 16, 2017, where Lanell Halle, an impartial vocational expert, testified. Tr. 114-28. On September 28, 2017, ALJ Seeley issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. 12-35. Plaintiff exhausted her administrative remedies when the Appeals Council denied review of her claim on September 20, 2018. Tr. 1-6. Plaintiff filed a complaint in the United States District Court for the Western District of New York on November 19, 2018; and obtained a judgment remanding the claim on July 29, 2019. Tr. 1113- 52, 1155. Plaintiff attended a new hearing before ALJ Bryce Baird on December 22, 2020, where

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 4, 5 and 6.

vocational expert Halle testified again. Tr. 1029-55. On January 31, 2021, ALJ Baird issued a second unfavorable decision. Tr. 1002-28. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the Social Security Administration ("SSA"), it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

### II. Disability Determination

---

[3] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of April 18, 2014 through her date last insured of March 17, 2017. Tr. 1008. At step two, the ALJ found that Plaintiff has several severe impairments, including depressive disorder and anxiety disorder. *Id.* At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. Tr. 1008-11. The ALJ determined that Plaintiff maintained the RFC to perform "perform sedentary work as defined in 20 CFR 404.1567(a) except . . . [she] can have

occasional interaction with coworkers and the general public but cannot work in teams or tandem with others." Tr. 1012.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. Tr. 1019. At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform. Tr. 1020-21. As such, the ALJ found that Plaintiff was not entitled disability benefits. Tr. 1021.

## II.    Analysis

Plaintiff argues that remand is required because the ALJ afforded "great weight" to Dr. Tzetzo's opinion, but failed to adopt all of her recommended limitations into the RFC assessment or explain why certain limitations were rejected. ECF No. 8-1 at 17; Tr. 1018. Specifically, Plaintiff asserts that the ALJ improperly rejected Dr. Tzetzo's opinion that she would be moderately limited in her "ability to accept instructions and respond appropriately to criticism from supervisors." Tr. 174.

The SSA's regulations require the Commissioner to "evaluate every medical opinion it receives, regardless of its source." *Labonte v. Berryhill*, No. 16-CV-518, 2017 WL 1546477, at *3 (W.D.N.Y. May 1, 2017) (citing 20 C.F.R. § 404.1527(c)). The ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) whether a treating source provided the opinion; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

In general, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation

omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Accordingly, when an ALJ adopts only portions of a medical opinion, he or she must explain why the remaining portions were rejected. *Raymer v. Colvin*, No. 14-CV-6009, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015); *see also Younes*, 2015 WL 1524417 at *8 (stating that, although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently").

Plaintiff argues that the ALJ erred by rejecting—without any explanation whatsoever—Dr. Tzetzo's opinion that she would have moderate difficulties accepting instructions and responding appropriately to criticism from supervisors. ECF No. 8-1 at 17. Plaintiff asserts that this error is particularly harmful because the Vocational Expert was not asked any questions about supervision, Tr. 121-25, and where a Vocational Expert is not presented with the full extent of a claimant's impairments, such testimony cannot be said to have been supported by sound evidence. ECF No. 8-1 at 20. The Court agrees.

Dr. Tzetzo opined that Plaintiff would be moderately limited in her "ability to accept instructions and respond appropriately to criticism from supervisors." Tr. 174. The ALJ then afforded "great weight" to Dr. Tzetzo's opinion. Tr. 1018. Despite the fact that the ALJ apparently credited Dr. Tzetzo's entire opinion—on the grounds that she examined Plaintiff, is "fully familiar with the Social Security policies" and reviewed the entire longitudinal record, and her opinion was

5

consistent with the medical record, the opinion of the consultative psychologist and with Plaintiff's "admitted activity level," Tr. 1012—the RFC assessment lacks any limitation relating to Plaintiff's difficulties accepting instructions and responding to criticism from supervisors. This omission is troubling because it is vitally important for an ALJ to have substantial evidence supporting a conclusion that a claimant can respond appropriately to supervisors. *Goosby v. Saul*, No. 18-CV-207, 2019 WL 4072660 at *4 (W.D.N.Y. 2019); SSR 85-15, 1985 WL 56857 at *4 (S.S.A. 1985) ("The basic mental demands of competitive, remunerative, unskilled work include the abilit[y] . . . to respond appropriately to supervision."). While the ALJ did recognized this limitation when evaluating Plaintiff under the Listings, he did not reject this limitation or explain why this portion of Dr. Tzetzo's opinion was unpersuasive. Tr. 1010. The ALJ's reasoning on this issue is not apparent from any other part of his decision.

The ALJ's failure to explain why he rejected this portion of Dr. Tzetzo's opinion is especially harmful because it undermines the reliability of the Vocational Expert testimony. During the hearing, the Vocational Expert was never asked questions about supervision. Tr. 121-25. "A hypothetical question that does not present the full extent of a claimant's impairments cannot provide a sound basis for vocational expert testimony." *Slattery v. Colvin*, 111 F. Supp. 3d 360, 375 (W.D.N.Y. 2015). Accordingly, a vocational expert's response to such a deficient hypothetical question cannot constitute substantial evidence to support a conclusion of no disability. *Id.*

Dr. Tzetzo opined that Plaintiff would have difficulties responding appropriately to criticism from supervisors, which is a basic mental demand of unskilled work. The ALJ erred when he rejected this opinion, without any explanation, and creating an unreliable basis for the vocational expert's testimony. Therefore, remand is required. *See Raymer*, 2015 WL 5032669, at

\*6 ("Remand is especially appropriate where, as here, the ALJ gave [the doctor]'s opinion 'considerable weight,' but failed to provide an explanation for not incorporating into the RFC some of the limitations identified in that opinion."); *Searles v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at \*4 (W.D.N.Y. July 27, 2010) (remanding where "the ALJ failed to explain why he ignored portions of an opinion for which he granted 'significant weight.'").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 9, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York